Arthur Gollwitzer III (*Pro Hac Vice Pending*)
agollwitzer@michaelbest.com
Larry L. Saret (*Pro Hac Vice Pending*)
llsaret@michaelbest.com
Paul R. Coble (*Pro Hac Vice Pending*)
pcoble@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL 60601
Telephone: (312) 222-0800
Fax: (312) 222-0818

Patricia L. Peden (State Bar No. 206440)
Patricia.Peden@leclairryan.com
LECLAIRRYAN LLP
44 Montgomery Street, Suite 3100
San Francisco, CA  94104
Telephone: (415) 913-4932
Fax: (415) 391-8766

Attorneys for Plaintiff DYNACRAFT BSC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYNACRAFT BSC, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR** |
| v. | 1. **FEDERAL TRADEMARK INFRINGEMENT** |
| | 2. **FALSE DESIGNATION AND UNFAIR COMPETITION** |
| PACIFIC CYCLE INC., | 3. **COMMON LAW TRADEMARK INFRINGEMENT** |
| Defendant. | 4. **BREACH OF CONTRACT; AND** |
| | 5. **CALIFORNIA UNFAIR COMPETITION** |
| | **DEMAND FOR JURY TRIAL** |

1

Plaintiff Dynacraft BSC, Inc. ("Dynacraft") complains against Defendant Pacific Cycle Inc. ("Pacific"), as follows:

## NATURE OF THE CASE

1.      This case involves Pacific's disregard of Dynacraft's trademark rights and Pacific's subsequent disregard of its own written commitment to stop infringing Dynacraft's trademark rights.  In late 2009, Dynacraft notified Pacific that it was infringing Dynacraft's federally registered DECOY trademark by selling bicycles bearing that mark.  In early 2010, the parties agreed in writing that Pacific would cease use of the DECOY trademark upon exhaustion of its current inventory of bicycles bearing that mark.

2.      In March, 2016, Dynacraft discovered that Pacific had not honored its promise and was still infringing Dynacraft's trademark rights.  Pacific has continued selling DECOY bicycles even after exhausting its 2010 inventory.  When confronted with the continued sales, Pacific blamed its continued sales and trademark infringement on "a failure in internal communications" and on the fact that that Pacific is "a large corporation with many moving parts and people and … internal communications [that] are not always clear."  None of these facts justify Pacific's breach of the parties' 2010 agreement or its ongoing trademark infringement.

3.      Therefore, Dynacraft filed this action for: (i) trademark infringement under Section 32 of the Lanham Act (15 U.S.C. § 1114(1)); (ii) trademark infringement, false designation of origin and unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (iii) trademark infringement and unfair competition under California common law; and (iv) breach of contract.

## THE PARTIES

4.      Plaintiff Dynacraft is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts.  Dynacraft has its principal place of business at 89 South Kelly Road, American Canyon, California.  Dynacraft distributes and sells bicycles directly to consumers and through retailers such as Kmart, Target, Walmart, and others.

5.      Defendant Pacific Cycle Inc. is a corporation duly organized and existing under the laws of the State of Delaware.  Pacific has its principal place of business at 4902 Hammersley

1   Road, Madison, Wisconsin.  Pacific imports and sells bicycles and other cycling equipment

2   directly to consumers and through retailers in competition with Dynacraft.

3   **JURISDICTION AND VENUE**

4   6.   This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §

5   1121 and 28 U.S.C. §§ 1331 and 1338(a).  The Court has supplemental jurisdiction over the

6   California common law trademark infringement and breach of contract claims and pursuant to 28

7   U.S.C. § 1367.

8   7.   This Court has personal jurisdiction over Pacific because Pacific does business in

9   this jurisdiction, including selling its bicycles to consumers in this district through retailers

10  located in this district, such as Walmart and Target.  Pacific also sells its bicycles, including its

11  DECOY bicycles, through retailers such as Amazon, Sears.com, Kmart, Walmart.com, BJ's

12  Wholesale Club, and ToysRUs.com, which offer Pacific's products online to purchasers in this

13  district.

14  8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because

15  Pacific resides in this judicial district and a substantial part of the events giving rise to this

16  lawsuit occurred in this judicial district.  Venue also is proper in this judicial district because

17  Pacific is subject to personal jurisdiction in this judicial district.

18  **FACTS**

19  9.   Dynacraft is a well-known distributor of bicycles.  Dynacraft has used the

20  trademark DECOY on its bicycles since at least 2001.  Dynacraft owns U.S. Trademark

21  Registration No. 2,580,247 dated June 11, 2002 (the "DECOY Registration").  A true and correct

22  copy of the registration certificate for U.S. Trademark Registration No. 2,580,247 is attached as

23  Exhibit A.

24  10.  The DECOY Registration is in full force and effect on the USPTO's Principal

25  Register.  Pursuant to 15 U.S.C. § 1115(b), the DECOY Registration has become incontestable

26  and constitutes conclusive evidence of the validity of the DECOY trademark, Dynacraft's

27  ownership of that mark, and Dynacraft's exclusive right to use the DECOY mark in connection

28  with the goods identified in the DECOY Registration, *i.e.* bicycles.

11.     Dynacraft has expended a great deal of time, effort, and money promoting and advertising the DECOY trademark and the goods sold under the DECOY trademark.

12.     As a result of Dynacraft's promotion, advertising, and sale of bicycles under the DECOY trademark, Dynacraft has acquired valuable goodwill in the DECOY trademark. The DECOY trademark indicates that Dynacraft is the source of the bicycles sold under the DECOY trademark.

13.     Prior to December 23, 2009, Dynacraft learned that Pacific was selling bicycles bearing the DECOY trademark in the United States of America through Kmart stores. On December 23, 2009, Dynacraft's counsel wrote to Pacific alleging trademark infringement and unfair competition based upon its use of the DECOY trademark. In that letter, Dynacraft provided a copy of Dynacraft's DECOY trademark registration certificate, demanded that Pacific cease using the DECOY trademark on bicycles, and requested an accounting of all of Pacific's sales under the DECOY trademark. A true and correct copy Dynacraft's December 23, 2009, letter to Pacific is attached as Exhibit B.

14.     On January 13, 2010, Pacific's counsel responded to Dynacraft's December 23, 2009 letter. Pacific admitted to using the DECOY mark on its bicycles, but denied that Dynacraft's rights were violated. Notwithstanding Pacific's arguments, Pacific agreed to "cease use of the 'decoy' model name upon exhaustion of current product inventory." A true and correct copy of Pacific's January 13, 2010, letter to Dynacraft is attached as Exhibit C.

15.     On January 14, 2010, Dynacraft responded to Pacific's January 13, 2010, expressing appreciation for Pacific's cooperation and its agreement to cease use of the DECOY trademark but also requesting information about Pacific's inventory of products bearing the DECOY mark. A true and correct copy of the January 14, 2010 letter is attached as Exhibit D.

16.     Pacific responded by e-mail dated January 15, 2010, stating that Pacific's inventory as of January 15, 2010, was "just over 400 Mongoose Decoy bicycles. Once that inventory is exhausted, there will be no further sales. Pacific Cycle will also to [sic] immediately ceasing manufacturing and importing of the Mongoose Decoy product." Dynacraft then inquired by e-mail dated January 18, 2010, asking when Pacific anticipated selling out of those 400

bicycles.  Pacific stated it could not provide that information but reiterated its "commitment not to manufacture or import any additional products under the Mongoose Decoy name."  True and correct copies of these emails exchanged between Dynacraft and Pacific in January 2010 are attached as Exhibit E.

17.     In reliance on Pacific's representations that it had only 400 DECOY branded bicycles in inventory as of January 2010 and that Pacific would immediately cease manufacturing and selling new products using the DECOY trademark, Dynacraft did not pursue an infringement action seeking an injunction, damages, or an accounting of Pacific's sales.

18.     In March 2016, Dynacraft learned from an advertisement on amazon.com that Pacific was still selling bicycles bearing the trademark DECOY in violation of Dynacraft's trademark rights and Pacific's 2010 agreement with Dynacraft.  A photograph of Pacific's DECOY bicycle is attached as Exhibit F.

19.     Dynacraft again wrote to Pacific on March 24, 2016, to complain of Pacific's continued infringement of the DECOY trademark.  A true and correct copy of Dynacraft's March 24, 2016, letter to Pacific is attached as Exhibit G.

20.     Pacific responded on April 18, 2016, admitting that "due to a failure in internal communications, in addition to the then remaining inventory which was sold, *new Mongoose Decoy products were manufactured and sold*" (emphasis added) in breach of Pacific's commitment not to do so.  Pacific attributed this breach to Pacific being "a large organization with many moving parts and people involved and … internal communications are not always clear."  Pacific offered to resolve the dispute under essentially the same terms to which the parties agreed in 2010, namely that Pacific would sell off its current inventory and cease manufacturing and selling DECOY bicycles.  A true and correct copy of Pacific's April 18, 2016, letter is attached as Exhibit H.

21.     Despite further correspondence between Dynacraft and Pacific, Pacific refused to provide an accounting of its sales made using the DECOY trademark.  Accordingly, Dynacraft filed this suit.

22.     Pacific's actions described above have caused irreparable damage and injury to

Dynacraft and, if permitted to continue, will further damage and injure Dynacraft, the DECOY trademark, and Dynacraft's reputation and the goodwill associated with the DECOY trademark. Pacific's actions also significantly damage the public interest in being free from confusion as to the source, sponsorship, or affiliation of Pacific's services.

<strong>COUNT I – FEDERAL TRADEMARK INFRINGEMENT</strong>

23.     Dynacraft incorporates the allegations contained in Paragraphs 1-22 of this Complaint into this Count I as if fully set forth herein.

24.     After Dynacraft began its use and registration of the trademark DECOY for bicycles, Pacific began using the trademark DECOY, without Dynacraft's authorization, for bicycles that Pacific has sold in the United States of America.

25.     Pacific's use of the DECOY trademark is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Pacific's products with Dynacraft, or as to the approval of Pacific's products by Dynacraft, and thus constitutes infringement of the DECOY Registration in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26.     Pacific's infringement of Dynacraft's DECOY trademark has taken place with full knowledge of Dynacraft's federal registration for the DECOY trademark on bicycles, and therefore, has been and continues to be intentional, deliberate, and willful.

27.     As a direct and proximate result of Pacific's actions alleged above, Dynacraft has been damaged and will continue to be damaged.

<strong>COUNT II – FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION AND UNFAIR COMPETITION</strong>

28.     Dynacraft incorporates the allegations contained in Paragraphs 1-22 of this Complaint into this Count II as if fully set forth herein.

29.     After Dynacraft began its use and registration of the trademark DECOY for bicycles, Pacific began using the trademark DECOY, without Dynacraft's authorization, for bicycles that Pacific has sold in the United States of America.

30.     Pacific's use of the DECOY trademark is likely to cause confusion, mistake, or

deception as to the source, origin, affiliation, connection or association of Pacific's products with Dynacraft, or as to the approval of Pacific's products by Dynacraft, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to Dynacraft's DECOY trademark in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

31.     Pacific's actions have taken place with full knowledge of Dynacraft's DECOY trademark and, therefore, have been and continue to be intentional, deliberate, and willful.  As a direct and proximate result of Pacific's actions alleged above, Dynacraft has been damaged and will continue to be damaged.

### COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

32.     Dynacraft incorporates the allegations contained in Paragraphs 1-22 of this Complaint into this Count III as if fully set forth herein.

33.     After Dynacraft began its use and registration of the trademark DECOY for bicycles, Pacific began using the trademark DECOY, without Dynacraft's authorization, for bicycles that Pacific has sold in the United States of America.

34.     The acts of Pacific complained of in this Complaint are likely to cause confusion, mistake or deception as to the source, approval, origin, affiliation, connection or association of Pacific and Dynacraft and their products and services.  This constitutes common law trademark infringement under the laws of the State of California.

35.     Pacific's actions have taken place with full knowledge of Dynacraft's DECOY trademark and, therefore, have been and continue to be intentional, deliberate, and willful.

36.     As a direct and proximate result of Pacific's actions alleged above, Dynacraft has been damaged and will continue to be damaged.

### COUNT IV – BREACH OF CONTRACT

37.     Dynacraft incorporates the allegations contained in Paragraphs 1-22 of this Complaint into this Count IV as if fully set forth herein.

38.     Pacific entered into a valid and enforceable agreement with Dynacraft in January 2010 stating in part that Pacific would cease use of the name DECOY upon exhaustion of its then

1   current product inventory.  In consideration for this promise, Dynacraft did not bring suit against

2   Pacific or seek damages from Pacific for its trademark infringement at that time.

3        39.     Dynacraft has performed its obligations under the January 2010 agreement with

4   Pacific.

5        40.     The acts of Pacific complained of in this Complaint constitute a breach of

6   Pacific's January 2010 agreement with Dynacraft, including Pacific's admitted manufacture and

7   sale of "new" DECOY bicycles after exhaustion of its January 2010 inventory.

8        41.     As a direct and proximate result of Pacific's actions alleged above, Pacific has

9   breached its January 2010 agreement with Dynacraft and Dynacraft has been damaged and will

10  continue to be damaged by Pacific's breach.

11                 **COUNT V – CALIFORNIA UNFAIR COMPETITION**

12       42.     Dynacraft incorporates the allegations contained in Paragraphs 1-22 of this

13  Complaint into this Count V as if fully set forth herein.

14       43.     Pacific has infringed upon Dynacraft's trademark rights in violation of federal and

15  state statutory law and California common law.  This constitutes unfair competition under

16  California Business and Professions Code § 17200.

17       44.     As a direct and proximate result of Pacific's actions alleged above, Dynacraft has

18  been damaged and will continue to be damaged.

19                             **PRAYER OF RELIEF**

20       45.     Dynacraft respectfully request that the Court enter judgment in favor of Dynacraft

21  and against Pacific on Counts I through IV of this Complaint, granting the following relief:

22            a)     judgment that Pacific has infringed Dynacraft's DECOY trademark;

23            b)     judgment that Pacific has engaged in unfair competition;

24            c)     judgment that Pacific has breached its agreement with Dynacraft to cease

25       importing and selling bicycles under the DECOY trademark;

26            d)     judgment that Pacific has violated California Business and Professions

27       Code § 17200;

28            e)     a preliminary and permanent injunction against Pacific and its officers,

agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all other in active concert of participation with Pacific or who receive notice of such injunction:

       1)     from using the mark DECOY on bicycles, including any variation or any other colorable imitation thereof, in a manner that is likely to cause confusion with the DECOY trademark;

       2)     from distributing, promoting, and selling any bicycles under the DECOY trademark, or any other colorable imitation thereof, in a manner that is likely to cause confusion with the DECOY trademark;

       3)     from representing by any means whatsoever, directly or indirectly, that Pacific, any services or products offered by Pacific, or any activities undertaken by Pacific, are sponsored or licensed by Dynacraft or otherwise associated or connected in any way with Dynacraft;

     f)     an order requiring Pacific to recall and deliver up to Dynacraft for destruction all unauthorized DECOY bicycles, advertisements, literature and other written or printed material which bear the DECOY trademark in conjunction with bicycles;

     g)     an order directing Pacific to file with this Court and serve on Dynacraft's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

     h)     an order requiring Pacific to account for and pay to Dynacraft any and all profits arising from the foregoing acts of infringement, false designation of origin, and unfair competition, and trebling such profits in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws;

     i)     an award of compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, false designation of origin, and unfair competition, and trebling such compensatory damages in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws, at least in the amount of $5.2 million;

1            j)       an award of punitive damages in an amount as yet undetermined caused by

2   the foregoing acts of Pacific;

3            k)       an award to Dynacraft of its costs and reasonable attorneys' fees in this

4   action pursuant to 15 U.S.C. § 1117 and other applicable statutes and laws; and

5            l)       any and all such other and further relief as this Court deems fair and

6   equitable.

7                                   **JURY DEMAND**

8 Dynacraft demands a trial by jury on all matters and issues triable by jury.

9

10 Dated: August 1, 2016                           Respectfully Submitted,

11

12                                      * /s/ Patricia L. Peden*

13                                      Patricia L. Peden (CA Bar No. 206440)

14                                      patricia.peden@leclairryan.com
                                     LECLAIRRYAN LLP

15                                      44 Montgomery Street, Suite 3100
                                     San Francisco, California 94104

16                                      Tel: (415)391-7111
                                     Fax: (415) 391-8766

17                                      Arthur Gollwitzer III (*Pro Hac Vice Pending*)

18                                      agollwitzer@michaelbest.com
                                     Larry L. Saret (*Pro Hac Vice Pending*)

19                                      llsaret@michaelbest.com
                                     Paul R. Coble (*Pro Hac Vice Pending*)

20                                      pcoble@michaelbest.com
                                     MICHAEL BEST & FRIEDRICH LLP

21                                      Two Prudential Plaza

22                                      180 North Stetson Avenue, Suite 2000
                                     Chicago, IL 60601

23                                      Telephone: (312) 222-0800
                                     Fax: (312) 222-0818

24

25                                      Attorneys for the Plaintiff
                                     *DYNACRAFT BSC, INC.*

26

27

28

**COMPLAINT**